**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MEGAN DOHERTY, )
Plaintiff, )
vs. ) Case No. 1:19-cv-06741
IMPACT RECEIVABLES MANAGEMENT, LLC and GREENWOOD 5201, LLC, )
Defendants. )

## COMPLAINT

## INTRODUCTION

1. Plaintiff Megan Doherty brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Impact Receivables Management, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Plaintiff also seeks a declaratory judgment against defendant Greenwood 5201, LLC.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce

the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

**VENUE AND JURISDICTION**

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 15 U.S.C. §1681p (FCRA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because:

a. Defendant's collection communications were received by plaintiff within this District;

b. Defendants do or transact business within this District.

**PARTIES**

9. Plaintiff Megan Doherty is an individual who resides in the Northern District of Illinois.

10. Defendant Impact Receivables Management, LLC ("Impact") is a limited liability company organized under Texas law with its principal office at 11104 W. Airport Blvd., Ste. 199, Stafford, TX 77477.

11. Impact Receivables Management, LLC is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts owed to others.

12. Impact Receivables Management, LLC specializes in collecting apartment rental debts, stating (http://www.impactreceivablesmanagement.com/) that it provides

"PROFESSIONALLY MANAGED DEBT COLLECTIONS Designed specifically for the multifamily industry".

13. Defendant Impact Receivables Management, LLC claims "Our collection team has decades of experience working with rental communities, management companies, and their residents." (Id.)

14. Impact Receivables Management, LLC is a debt collector as defined in the FDCPA.

15. Defendant Greenwood 5201, LLC is Delaware limited liability corporation based in Englewood, NJ. It's registered agent is Peter Cassel, 5454 S. Shore Dr., Chicago, IL 60615.

**FACTS**

16. Defendant Impact Receivables Management, LLC has been attempting to collect from plaintiff an alleged debt for rental of an apartment used for personal, family or household purposes (residence), allegedly owed to Greenwood 5201, LLC.

17. Plaintiff does not owe the debt. The alleged debt, or almost all of the debt, is for painting an apartment after many years of occupancy. Prior to Plaintiff's tenancy when the building was managed by a different management company, the apartment had been painted in "custom colors" and was not in good condition. Plaintiff did not request those colors. Normal wear and tear is not chargeable to the tenant in Illinois absent a contract expressly so providing. When Mac Properties, the property manager at move out, raised issues regarding the paint, Plaintiff informed them that the colors were there before she moved in, yet Mac Properties imposed a large "painting" charge despite that fact, which Greenwood 5201 is now attempting to collect from Plaintiff.

18. Plaintiff's lease provided: "**10. Tenant Maintenance Obligations.** Tenant shall maintain the Premises in a clean, presentable and safe condition at all times and in accordance with all health, safety and building code regulations. At the termination of this Lease and upon surrender of the Premises, all fixtures, appliances and personal property of Landlord shall be in

the same condition as they were on the Beginning Date, normal wear and tear excepted. With the exception of ordinary wear and tear, Tenant will be held responsible for any and all damages caused to the Premises and/or fixtures and appliances therein."

19. Plaintiff learned of Impact Receivables Management, LLC when they called her in June, 2019 regarding the alleged debt.

20. Plaintiff informed Impact Receivables Management, LlC that she disputed the alleged debt and did not owe Greenwood 5201, LLC any money.

21. Plaintiff also requested information regarding the alleged debt from Impact, and after following up with Impact by phone and email, it eventually sent the letter and enclosures attached as Appendix A.

22. At no time did Plaintiff receive a "notice of debt" as described in 15 U.S.C. §1692g.

23. Appendix A is the first letter Plaintiff received from Defendant regarding the debt described therein.

24. On information and belief, based on its contents, Appendix A was the first letter Defendant sent to Plaintiff regarding the debt described therein. Appendix A also included a ledger which, on information and belief, was provided by Greenwood 5201, LLC.

25. The ledger included in Appendix A states that the bulk of the debt ($1,250 of $1,323.47) consists of "Damage Charge Invoice – Custom paint – move out." In addition, there is a $1.95 "final move out fee" that does not appear to have any basis in Plaintiff's lease, along with numerous $3.75 "service fees."

26. 765 ILCS 740/5, "Disclosure of utility payments included in rent," provides:

> (a) No landlord may demand payment for master metered public utility services pursuant to a lease provision providing for tenant payment of a proportionate share of public utility service without the landlord first providing the tenant with a copy in writing either as part of the lease or another written agreement of the formula used by the landlord for allocating the public utility payments among the tenants. The total of payments under the formula for the building as a whole for a billing period may not exceed the sum demanded by the public utility. The formula shall include all those that use that public utility service and may reflect variations in apartment size or usage. The landlord shall

> also make available to the tenant upon request a copy of the public utility bill for any billing period for which payment is demanded. Nothing herein shall preclude a landlord from leasing property to a tenant, including the cost of utilities, for a rental which does not segregate or allocate the cost of the utilities. . . .

27. Defendant Greenwood 5201, LLC did not provide plaintiff tenants with "the formula used by the landlord for allocating the public utility payments among the tenants." Instead, the utility addendum to Plaintiff's lease says merely that "Allocation is based on square footage of Resident(s) dwelling unit." It is impossible to tell how utilities will be allocated with that description, which does not provide the actual formula.

28. In addition, because of the additional $3.75 "service fee" Plaintiff was required to pay every month, the "total of payments under the formula for the building as a whole for a billing period" would always "exceed the sum demanded by the public utility."

29. Consequently, no utility charges could be required to be paid.

30. Plaintiff was deprived of notice of her right to dispute the debt by the conduct complained of.

31. Defendant Impact reported the alleged inflated, disputed debt to the credit bureaus, causing a drop in plaintiff's credit score.

32. Plaintiff and her counsel sent disputes to the major credit bureaus, including Experian Information Solutions, who, on information and belief based on industry practice and the responses received, passed the disputes on to Impact and requested that Impact verify the information it was reporting.

33. On October 5, 2019, Experian notifed Plaintiff that Impact "updated" its reporting but is continuing to report a $1,321 past due balance.

## COUNT I – FDCPA

34. Plaintiff incorporates paragraphs 1-33. This count is against Impact Receivables Management, LLC.

35. Defendant violated 15 U.S.C. §1692g, by failing to provide the notice required by that section.

36. Defendant violated 15 U.S.C. §1692e, 1692e(2) and 1692e(10), by demanding payment for amounts not owed.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

i. Statutory damages;

ii. Attorney's fees, litigation expenses and costs of suit;

iii. Such other and further relief as the Court deems proper.

**COUNT II – FCRA – FAILURE TO PROPERLY HANDLE DISPUTE**

37. Plaintiff incorporates ¶¶1-33. This Count is against Impact.

38. Defendant violated the FCRA, 15 U.S.C. §1681s-2(b), by:

a. Failing to properly investigate Plaintiff's disputes;

b. Failing to promptly correct false information in response to a dispute.

39. Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

> **(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**
>
> > **(A) conduct an investigation with respect to the disputed information;**
> >
> > **(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**
> >
> > **(C) report the results of the investigation to the consumer reporting agency; and**
> >
> > **(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**
>
> **(2) Deadline. A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the**

**expiration of the period under section 611(a)(1) [15 USC §1681i(a)(1)] within which the consumer reporting agency is required to complete actions required by that section regarding that information.**

40. Defendant committed such violations willfully or negligently, thereby violating 15 U.S.C. §1681n and/or §1681o.

41. Section 1681n provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

42. Section 1681o provides:

**§1681o. Civil liability for negligent noncompliance**

**(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--**

**(1) any actual damages sustained by the consumer as a result of the failure;**

**(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant Impact for:

i. Appropriate actual, punitive and statutory damages;

ii. Attorney’s fees, litigation expenses and costs of suit;

iii. Such other or further relief as the Court deems proper.

**COUNT III – DECLARATORY JUDGMENT AND EQUITABLE RELIEF**

43. Plaintiff incorporates paragraphs 1 - 33 above. This count is against Greenwood 5201, LLC.

44. This Count is brought pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201–2202.

45. An actual controversy exists between Plaintiff and Greenwood 5201, LLC regarding whether Greenwood 5201, LLC can charge Plaintiff for repainting an apartment that she resided in for 14 years, and which was already painted a "customer color" prior to her occupying the apartment, which "custom color" was not painted at her request.

46. An actual controversy also exists as to whether Greenwood 5201, LLC's utility, service fees and "final move out fee" could be charged.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Greenwood 5201, LLC, for:

(a) A declaration that Grenwood 5201, LLC cannot charge Plaintiff for repainting the apartment in question, or any other improper utility and/or move out charges;

(b) An injunction prohibiting Greenwood 5201, LLC from attempting to collect any unauthorized charges, including the painting and utility charges;

(3) Costs; and

(4) Such other and further relief as is appropriate..

Respectfully submitted,

*/s/Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Tara L. Goodwin

**EDELMAN, COMBS, LATTURNER**
**& GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:
courtecl@edcombs.com

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)